UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE JESUS SANCHEZ, ET AL., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-cv-3037 |
| OIL MOP, LLC, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Doc. No. 5). After considering the motion, all responses thereto, and the applicable law, the Court concludes that this case was improperly removed to the Houston Division of the Southern District of Texas. The Court therefore transfers this case to the Brownsville Division of the Southern District of Texas, where Plaintiffs' Motion to Remand may properly be considered.

I.   BACKGROUND[1]

Plaintiffs Jose Jesus Sanchez, Alberto Alvarez, Tito Alvarez, Jr., Pedro Alvarez Perez, and Hector Lopez (collectively, the "Plaintiffs") were hired by Defendant Maxum Industries, LLC ("Maxum") and/or Defendant PMS, Priority Management Services, Inc., to perform oil cleanup work in connection with the British Petroleum Deepwater Horizon oil spill in the Gulf of Mexico. (Doc. No. 1, Ex. 1 ¶ 5.1.) Plaintiffs were not provided warnings or instructions about the chemical agents to which they were being exposed, nor were they given

---

[1] For purposes of this Memorandum only, the allegations in Plaintiffs' Original Petition are assumed to be true.

1

protective gear or respirators. (*Id.* ¶ 5.3.) When Plaintiffs advised Defendants that they were getting sick, they were fired. (*Id.*) Plaintiffs were then denied unemployment benefits when Maxum reported that Plaintiffs were temporary employees who were "on call" for future tasks. (*Id.*) Through these allegedly false statements, Maxum avoided paying unemployment benefits to Plaintiffs.

Plaintiffs filed their Original Petition in the District Court of Cameron County, Texas. Plaintiffs' Original Petition asserts claims for negligence, breach of contract, aiding and abetting, and misrepresentation and fraudulent inducement. The case then was removed to this Court.

## II. LEGAL STANDARD AND ANALYSIS

When an action is removed from state court to federal court, it is removed to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and *division* within which such action is pending a notice of removal . . . .'" *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (citing 28 U.S.C. § 1446(a)). In the Fifth Circuit, removal of a case to the wrong division of the right district is a procedural, and not a jurisdictional flaw. *Kreimerman*, 22 F.3d at 645. The proper method for addressing such a procedural flaw entails the district court transferring the case to the proper division under the authority of 28 U.S.C. § 1406(a), which, in the interest of justice, allows a case to be transferred "to any district or division in which it could have been brought." *Id.* (citing 28 U.S.C. § 1406(a)).

This case was initially filed in the District Court of Cameron County, in Brownsville, Texas. The case should have been removed, if at all, to the Brownsville Division of the Southern District of Texas, which is the district court embracing the District Court of Cameron County.

This Court therefore must transfer the case to the district court to which it should have been removed.

### III. CONCLUSION

This case is hereby **TRANSFERRED** to the Brownsville Division of the Southern District of Texas.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 7th day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT